UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This Order Relates To:

*Napleton*, No. 3:16-cv-2086-CRB

MDL No. 2672 CRB (JSC)

**ORDER RE: (1) ECF NO. 6557 DISCOVERY DISPUTE, (2) ECF NO. 6555 MOTION TO SEAL**

### I. DISCOVERY DISPUTE

Having reviewed the parties' discovery dispute letter, the Court ORDERS as follows:

1. Defendants Bosch GmbH and Bosch LLC (collectively referred to as Bosch) shall add as custodians the two Bosch employees identified by Plaintiffs. The documents submitted for review suggest that both employees were familiar with Bosch's emissions software and were involved with a proposed decision to notify customers that the software's "toggle function," which altered the effectiveness of emission controls, could pose compliance concerns if used in a particular way. Bosch's understanding of how its emissions software could be used by customers (of which Volkswagen was one) is relevant to Plaintiffs' claims. The two Bosch employees identified by Plaintiffs may have unique evidence of that understanding, and Bosch has not convinced the Court that the burden or expense of adding these two employees as custodians will outweigh the likely benefit.

The Court will only require Bosch to produce documents from the two new custodians for the time period from November 2009 through February 2010. From the record it appears that this was the period during which these two employees were involved in internal discussions about the emissions software's toggle function. If after they review the documents that Bosch produces,

Plaintiffs develop good reason to believe that the two employees have unique relevant documents from other time periods, they may meet and confer with Bosch and propose a broader time period.

2. For two reasons, Bosch need not provide Plaintiffs with the names of all employees that Bosch "identified in its internal investigations as likely to possess discoverable information." (MDL Dkt. No. 6557 at 1.) First, Bosch's production of such a list is not required by Federal Rule of Civil Procedure 26(a)(1)(A)(i), as Plaintiffs suggest. That rule does not require Bosch to identify all persons who may have discoverable information, but only those persons whom "the disclosing party may use to support its claims or defenses." No showing has been made that Bosch intends to use all employees identified during its internal investigations to support its claims or defenses. Second, the list that Plaintiffs seek is protected by the work-product doctrine. The Court previously held that the documents created during Bosch's internal investigations were entitled to work-product protection. (*See* MDL Dkt. No. 6206 at 1-3.) The requested list of employees is similarly protected, as the employees in question were identified during investigations that were triggered "because of anticipated litigation." *In re Grand Jury Subpoena (Torf)*, 357 F.3d 900, 908 (9th Cir. 2004) (citation omitted).

## II. MOTION TO SEAL

Bosch has asked for permission (i) to redact certain information from the parties' discovery dispute letter and from the accompanying declaration of Plaintiffs' counsel, and (ii) to file under seal the three exhibits attached that declaration. Two of those exhibits are internal Bosch emails from 2009 and 2010. The third exhibit is a 2009 Bosch PowerPoint presentation. Plaintiffs' counsel submitted these exhibits to the Court as part of the discovery dispute.

The discovery dispute is only tangentially related to the merits of the case. As a result, Bosch only needs to put forward a "good cause" for sealing and redacting the information in question. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016). Yet although the good cause standard is less exacting than the "compelling reasons" standard, which applies to requests to seal information in dispositive motions, *see id.*, it requires more than "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Beckman Indus., Inc. v. Int'l Inc.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation

omitted). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

For the three exhibits attached to counsel's declaration, Bosch has not met the good cause standard. Bosch explains that the exhibits contain "confidential business information regarding company policies and operations, as well as certain technical information concerning programing and calibration." (Slater Decl. ¶ 5, MDL Dkt. No. 6564 at 3.) That appears to be an accurate description of the exhibits, but what is missing is "a showing that specific prejudice or harm will result if the exhibits are not sealed." *Phillips*, 307 F.3d at 1211. The exhibits are Bosch documents that are nearly a decade old. How Bosch will be harmed if these documents are publicly disclosed is not explained.

Bosch offers an alternative justification for its request to seal the exhibits. Bosch argues that Plaintiffs have mischaracterized the exhibits in the discovery dispute letter, and Bosch asserts that it could be harmed if these false or misleading characterizations of confidential information are circulated. If Plaintiffs have indeed mischaracterized the substance of Bosch's internal documents, then public disclosure of the documents will benefit Bosch. For if the documents are not sealed, members of the public can examine them and judge for themselves whether Plaintiffs' characterizations are accurate. Bosch's concern, then, counsels in favor of keeping the exhibits publicly available and does not constitute "good cause" for sealing them.

As for Bosch's request to redact portions of the parties' discovery dispute letter and of the accompanying attorney declaration, only some of the redactions are warranted. Consistent with prior Orders, the Court will permit Bosch to redact the names and job titles of employees who are nonparties in this action. (*See, e.g.*, MDL Dkt. Nos. 4049, 4147, 5223.) Those redactions will help protect nonparty privacy rights, which is a good cause that supports the request. *Cf. Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966 HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (protecting nonparties' privacy rights is a compelling reason supporting the redaction of their

names).[1]  The other requested redactions will not be permitted.  They are of quotes, paraphrases, and citations to the three exhibits attached to counsel's declaration and to other Bosch documents referred to in the declaration but not attached as exhibits.  Because the Court has denied Bosch's request to seal the exhibits, and because Bosch has not shown good cause for sealing references to the exhibits or to the other documents referenced in the declaration, the Court will not permit Bosch to redact these quotes, paraphrases, and citations.

**IT IS SO ORDERED.**

Dated: August 15, 2019

JACQUELINE S. CORLEY
United States Magistrate Judge

---

[1] Bosch may also redact nonparty identifying information in the three exhibits attached to counsel's declaration.  If Bosch does so, it should offer some means to distinguish between the nonparties for purposes of comprehension.

4